UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>　　v.<br><br>STORMMY V. PAUL,<br><br>　　Defendant. | NO. CR-05-116-RHW<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

Before the Court is the Government's Motion for Preliminary Order of Forfeiture (Ct. Rec. 289). This motion was heard without oral argument. The Government requests a preliminary order of forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure and based upon the guilty plea of Stormmy V. Paul to the offense of Conspiracy to Traffic in Contraband Cigarettes, as charged in Count 1 of the Indictment, in violation of 18 U.S.C. §§ 2342(a) and 371, and upon the terms of the Plea Agreement filed in this matter between Mr. Paul and the United States.

Accordingly, **IT IS HEREBY ORDERED**:

1. The Government's Motion for Preliminary Order of Forfeiture (Ct. Rec. 289) is **GRANTED**.

2. Pursuant to 18 U.S.C. § 2344(c) and 28 U.S.C. § 2461(c), Defendant Stormmy V. Paul's interest in the following property is forfeited to the United States of America:

　　a. Twenty-one thousand three hundred forty-nine (21,349) cartons of contraband cigarettes seized by U.S. Immigration and Customs

PRELIMINARY ORDER OF FORFEITURE * 1

1  Enforcement Agents on June 8, 2004, from 2606 Old Tulalip Road in
2  Marysville, Washington, the primary residence of STORMMY V.
3  PAUL.
4     b. Eight (8) loose packs of contraband cigarettes seized by U.S.
5  Immigration and Customs Enforcement Agents on June 8, 2004, from
6  2606 Old Tulalip Road in Marysville, Washington, the primary
7  residence of STORMMY V. PAUL.
8     c. Twelve thousand one hundred thirty (12,130) cartons of contraband
9  cigarettes seized by U.S. Immigration and Customs Enforcement
10 Agents on June 8, 2004, from storage units M-3 and M-4 at 6601
11 114th Avenue Court East in Puyallup, Washington, rented on behalf
12 of STORMMY V. PAUL.
13    d. Nine (9) loose packs of contraband cigarettes seized by U.S.
14 Immigration and Customs Enforcement Agents on June 8, 2004, from
15 storage units M-3 and M-4 at 6601 114th Avenue Court East in
16 Puyallup, Washington, rented on behalf of STORMMY V. PAUL.
17   3. Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), Defendant
18 STORMMY V. PAUL's interest in the following property is forfeited to the United
19 States of America:
20    a. Eighty-five thousand eight hundred eighty dollars ($85,880) in
21 United States currency seized by U.S. Immigration and Customs
22 Enforcement Agents on June 8, 2004, from 2606 Old Tulalip Road in
23 Marysville, Washington, the primary residence of STORMMY V.
24 PAUL.
25    b. Eighteen thousand nine hundred seventy-seven dollars ($18,977)
26 held in account number 153590421795 at US Bank at 1301 5th
27 Avenue in Seattle, Washington in the name of STORMMY V. PAUL,
28 and seized by U.S. Immigration and Customs Enforcement Agents on

PRELIMINARY ORDER OF FORFEITURE * 2

1  June 8, 2004.
2  c. One 2002 Chevrolet pickup truck, bearing vehicle identification
3  number 1GCHK23112F100377, registered in the name of
4  STORMMY V. PAUL.

5  **IT IS FURTHER ORDERED** that the United States Department of
6  Homeland Security, Customs and Border Protection, and/or its agents and
7  representatives, shall seize the above-described property and maintain said
8  property in its custody and control until further order of this Court, or until this
9  Order becomes final pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal
10 Procedure.

11 **IT IS FURTHER ORDERED** that pursuant to 21 U.S.C. § 853(n), the
12 United States shall publish notice of the Preliminary Order of Forfeiture and the
13 intent of the United States to dispose of the above-described property, in
14 accordance with law.  The notice shall run for one (1) day each week for three (3)
15 consecutive weeks in the <u>Daily Journal of Commerce</u> and/or any other appropriate
16 newspaper of general circulation.  The notice shall state that any person, other than
17 Defendant, having or claiming a legal interest in property described above must
18 file a petition with the Court within thirty (30) days of the final publication of
19 notice or of receipt of actual notice, whichever is earlier.

20 The notice shall advise such interested person that:
21 1. the petition shall be for a hearing to adjudicate the validity of the
22    petitioner's alleged interest in such properties;
23 2. the petition shall be signed by the petitioner under penalty of perjury; and
24 3. the petition shall set forth the nature and extent of the petitioner's right,
25    title or interest in the forfeited properties.
26 The petition shall also set forth any additional facts supporting the
27 petitioner's claim and the relief sought.
28 The United States shall also, to the extent possible, provide direct written

PRELIMINARY ORDER OF FORFEITURE * 3

notice as a substitute for the published notice to any person known to have alleged an interest in the above-described property, which is the subject of this Preliminary Order of Forfeiture.  Upon adjudication of any third-party claims, this Court will enter a Final Order of Forfeiture pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all such claims are addressed.

**IT IS FURTHER ORDERED** that pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, this Preliminary of Forfeiture shall become final as to Defendant prior to the time of sentencing, upon conclusion of the ancillary proceeding, and shall be made part of the sentence and included in the judgment.  Based upon the Plea Agreement and the guilty plea of Defendant herein, the Court finds that Defendant had an interest in the forfeited properties.  If no third party files a timely claim, this Order shall become the Final Order of Forfeiture as provided by Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure.

**IT IS FURTHER ORDERED** that after the disposition of any motion filed under Rule 32.2(c)(1)(A) of the Federal Rules of Criminal Procedure, and before a hearing on any third party petition, discovery may be conducted in accordance with the Federal Rule of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

**IT IS FURTHER ORDERED** that the United States shall have clear title to the properties listed above following the Court's disposition of all third party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n) for the filing of third party petitions.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

///

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this

PRELIMINARY ORDER OF FORFEITURE * 4

Order, forward copies to counsel, and to forward eight (8) "raised seal" certified copies to the United States Attorney's Office in Seattle, Washington.

**DATED** this 8th day of June, 2007.

*S/ Robert H. Whaley*

ROBERT H. WHALEY
United States District Judge

Q:\CRIMINAL\2005\Paul, et al\Paul.prelim.forfeit.wpd

PRELIMINARY ORDER OF FORFEITURE * 5